IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JOYCE MARIE TESSENEER, )
individually and TERRY )
DEWAYNE WILLINGHAM, a )
minor suing by and )
through his next friend )
Joyce Marie Tesseneer, )
)
    Plaintiffs )
)
v. )  CV NO. 97-HM-0909-J
)
SHONEY'S, INC. )
)
    Defendant )

FILED
MAY 22 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
MAY 22 1997

## MEMORANDUM OPINION

The above-entitled removed civil action is currently before the Court on the Court's own jurisdictional review. For the reasons stated hereinafter, this Court finds that it lacks subject matter jurisdiction over this civil action and must therefore remand this case to the Circuit Court of Walker County, Alabama, from whence it was removed.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Joyce Marie Tesseneer [hereinafter "Tesseneer"] and Terry Dewayne Willingham, a minor suing by and through his next friend Joyce Marie Tesseneer [hereinafter "Willingham"], commenced this civil action on March 12, 1997 with the filing of their Complaint in the Circuit Court of Walker County, Alabama. That Complaint alleged the facts underlying this action as follows.

On or about September 21, 1996 Plaintiffs entered the restaurant owned and operated by Defendant Shoney's Inc. [hereinafter "Shoney's"] on U.S. Highway 78 in Jasper, Alabama.

Plaintiff Tesseneer was holding minor Plaintiff Willingham in her arms as she walked through the restaurant. Plaintiff Tesseneer slipped and fell onto the restaurant's floor while holding minor Plaintiff Willingham, causing injuries to both.

Plaintiffs' Complaint contains only one Alabama state law claim for negligence or wantonness. Plaintiffs claim to have been business invitees and that Defendant Shoney's negligently or wantonly failed to maintain the restaurant's floor in a reasonably safe manner. Plaintiffs further claim this negligence or wantonness was the proximate cause of their injuries. Plaintiffs claim unspecified damages.

Under date of April 11, 1997 Defendant Shoney's timely filed its Notice of Removal in this United States District Court. Defendant predicates this Court's jurisdiction over this action on 28 U.S.C. § 1332(a) [diversity of citizenship and amount in controversy]. In support thereof, Defendant alleges that it is a corporation organized and existing pursuant to the law of the State of Tennessee and that its principal place of business is not in the State of Alabama. Defendant further alleges that Plaintiffs Tesseneer and Willingham are both citizens of the state of Alabama. Finally, Defendant alleges, "The matter in controversy in this action exceeds the sum of $75,000.00 exclusive interest (sic) and costs." Notice of Removal at ¶ 6.

## DISCUSSION

It is clear that diversity of citizenship exists among the litigants in this civil action within the meaning of 28 U.S.C. §

2

1332(a). What is not clear is that removing Defendant Shoney's has established that the amount in controversy herein exceeds the sum or value of $75,000.00, exclusive of interest and costs.

The Eleventh Circuit has recently provided instruction to the District Courts within its jurisdiction in removed civil actions where the plaintiff's state court complaint fails to specify the amount of damages sought. In such cases, the removing defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).

In its consideration of the allegations of Plaintiff's Complaint in this case this Court in making its **independent evaluation** of the 28 U.S.C. ¶ 1332(a) amount in controversy in this case could not help but refresh its recollection with respect to the legal truism appearing in the Commentary On Federal Jurisdiction written by David D. Siegel following 28 U.S.C. § 1332 in the United States Code, which reads:

> **In tort cases, for example, which account for a substantial part of the diversity calendar, damages are most invariably UNLIQUIDATED and all relief demands are MERE CONJECTURES, pending the fact finding process.**

(emphasis added). Paragraph 6 of Shoney's Notice of Removal (quoted verbatim *supra*) contains the so called "*magic incantation*" used and relied upon by many defense lawyers (usually to their chagrin) in removing cases from state court to federal court when the removal is predicated on 28 U.S.C. § 1332(a)(1) (diversity of citizenship and amount in controversy). The phrase "magic incantation" applied

3

to the above quoted 28 U.S.C. § 1332(a)(1) language is an identifying phrase most often used tongue-in-cheek in memorandum opinions issued in civil cases predicated on diversity. This phrase is not original with this Senior United States District Judge who first observed its use in *Garza v. Bettcher Industries, Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990):

> In the instant case, the Defendant's initial removal petition merely stated, as if reciting some magical incantation "the amount in controversy exceeds $50,000," without identifying any specific factual allegations or provisions in the Complaint which might support that proposition, nor providing the Court with any independent underlying factual basis from which the Defendant actually drew this conclusion.

Unfortunately for many removing defendants, when the removal is predicated on 28 U.S.C. § 1332(a)(1), this so-called "magic incantation" has no magic to it except in the mind of the lawyer attempting to effect the removal. It is in fact nothing more than a conclusory allegation bereft of fact. It proves nothing and most assuredly, **standing alone**, does not establish that the 28 U.S.C. § 1332(a) amount in controversy exceeds the sum or value of $50,000, exclusive of interest and costs. This Court hastens to note that **in some circumstances** in obvious "high roller" cases in which the allegations cause the complaint to reek "big money" the allegations of the state court complaint, coupled with the use of the so-called "magic incantation" in the notice of removal, will be sufficient to satisfy the federal district court making the jurisdictional review following removal that the amount in controversy in the removed case meets the 28 U.S.C. § 1332(a) jurisdictional requirement. But it is only when the District Court's own independent jurisdictional

4

evaluation of a plaintiff's complaint filed in state court reveals that the case has all the highlights and marks of a "high roller" case moneywise that a removing party or parties can squeak by and keep the case in federal court by and through the use and utilization of this proverbial "magic incantation."

The instant case most assuredly does not, in the considered judgment of the Court, fit or belong to this described category. Removing Defendant Shoney's has failed to carry the burden imposed by the Eleventh Circuit in *Tapscott*. 28 U.S.C. § 1447(c) provides: **"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."** In this civil action, it is clear that this federal district court lacks subject matter jurisdiction over this diversity civil action.

## CONCLUSION

For the reasons stated hereinabove, this Court finds that it lacks subject matter jurisdiction over the above entitled removed civil action within the meaning of 28 U.S.C. § 1447(c) (quoted above). Contemporaneously with the entry date of this Memorandum Opinion, this Court will enter an appropriate Order remanding this civil action to the Circuit Court of Walker County, Alabama from whence it was removed.

DONE this 22nd day of May, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5

**FLORENCE, ALABAMA ADDRESS:**

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415

6